The small engine which yet exists *in specie* must be returned.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered, adjudged and decreed, that the judgment rendered in the case against the plaintiff, be credited with the sum of four hundred and eighty-eight dollars and thirty-four cents; but that no execution issue on the same until the defendants restore to the plaintiff the small engine which they received in pledge; and it is further ordered, that the appellees pay costs in both courts.

*Preston,* for appellant.

*Carleton* and *Lockett,* for appellees.

---

## ALLAIN *vs.* PRESTON ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If the clerk certifies that the record "contains a transcript of all the proceedings on which the cause was tried," but no evidence appears to have been taken in writing at the trial, and there is no statement of facts, no bill of exceptions, case agreed on, allegation of error apparent on the record, or certificate of the judge, the Supreme Court cannot examine the correctness of the decree of the judge *a quo.*

This case comes before this court on the third appeal. For a statement of facts, and the proceedings had previous to this appeal, see 2 *La. Rep.* 39, 4 *ib.* 13. The record for this appeal contained the last decree of this court, dated 15th

January, 1833, remanding the cause for want of a *contestatio* <span style="float:right">EASTERN DIS. *May, 1833.*</span>
*litis* on the merits; the judgment of the inferior court for the
plaintiff signed 15th of February following; the defendants <span style="float:right">ALLAIN *vs.* PRESTON ET AL.</span>
petition of appeal; the order, bond, and clerk's certificate.

*Morphy,* for appellant.

1. A personal obligation is valid even when the obligee shows no interest in the performance of the principal obligation, or suffers no damage from its in-execution. *See Toullier,* 6 *vol. p.* 853, *and following nos.* 813, 817.

2. The *art.* 2121 *of the Louisiana Code,* applies only to penal obligations attached to a principal obligation, susceptible of being enforced by action, and which are stipulated to determine the quantum of damages which may be claimed in case of its in-execution. *Toullier,* 6 *vol. p.* 841, *nos.* 808, 812. *La. Code, arts.* 2120, 2121.

3. Under a lease for years, the rents becoming due may be granted from the inception of the suit, up to the day of the judgment rescinding the lease.

*Preston,* for appellees.

MARTIN, J. delivered the opinion of the court.

We learn from the clerk's certificate, that the sheets preceeding it "contain a transcript of all the *proceedings* on which the cause was tried, since the last appeal, with the exceptions of the transcripts of the two former appeals, which are already in the Supreme Court."

There is no statement of the facts, no evidence appears to have been taken down during the trial, there is no bill of exceptions, case agreed, or allegation of any error apparent on the face of the record, nor any certificate of the judge.

We have not examined the transcripts in the two preceding appeals, because, admitting that they contain a legal statement of the evidence theretofore given, nothing can authorise us to assume that the third trial was had upon the

<div style="font-size:smaller">If the clerk certifies that the record "contains a transcript of all the proceedings on which the cause was tried," but no evidence appears to have been taken in writing at the trial, and there is no statement of facts, no bill of exceptions, case agreed on, allegations of</div>

EASTERN DIS.
*May, 1833.*

same evidence, as was adduced during the two prcceeding trials, and no other.

Nothing enabling us to know what are the facts of the case, we are unable to inquire into the correctness of the judgment.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed at the appellant's costs.